# EXHIBIT A

Fulton County Superior Court
***EFILED***TV
Date: 12/7/2020 9:03 PM
Cathelene Robinson, Clerk

SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

CHISHALA CHIBUYE,                    )
                                     )
        Plaintiff,                   )
                                     )
                                     )        Civil Filing No.: 2020CV343279
VERIZON; Jocelyn Ross in her individual )
And Professional Capacity;           )
John Doe(s)                          )
        Defendant[s].

## COMPLAINT FOR DAMAGES FILED BY PLAINTIFF CHISHALA CHIBUYE

COMES NOW CHISHALA CHIBUYE by and through her attorney of record, Kamau K. Mason, Esq. in the above-styled action and hereby files this FORMAL Complaint against the above noted VERIZON as a company and its Employees in their individual and professional capacities. CHISHALA CHIBUYE, while raising concerns related to disability discrimination, the creating of a hostile work environment, retaliation has noted that she was terminated after filing her complaint.

CHISHALA Chibuye (African American) initially filed an EEOC complaint in the matter of Case Number: 410-2019-07869. This office believes the firing to be retaliatory in nature. The Plaintiff intends to show:

### JURISDICTION & VENUE

The matter presents as an issue arising as Civil Rights and Discrimination claim and therefore are brought properly as a formal complaint within the FULTON County Superior Court as outlined by the Right to Sue Notice provided by the Agency.

### STATEMENT OF FACTS IN THE WORDS OF MS. CHIBUYE THE PLAINTIFF

1. CHISHALC CHIBUYE was an employee at VERIZON and functioned with workplace accommodations based upon a noted mental health and medical condition that allowed for FMLA leave time and workplace accommodations.

1 Chishala Chibuye Complaint

2. HR Representatives were aware of the accommodations and had been in the practice of allowing for leave time throughout her tenure with the company.

3. In and around 6/17/2019 CHISHALA Chibuye received a Written warning from HR Management **Jocelyn Ross** and Administrators at Verizon Wireless;

4. In and around 8/1/2019 CHISHALA Chibuye was Placed on Final Warning for attendance (discrimination ADA) by HR Manager **Jocelyn Ross**;

5. In and around 8/2/2019 CHISHALA Chibuye Requested ADA accommodation to utilized time not covered by FMLA time and use vacation time to fund those days with Jocelyn Ross

6. In and around 8/6/2019 CHISHALA Chibuye was administered an Excused a tardy not related to FMLA

7. In and around 8/13/2019 CHISHALA Chibuye 's ADA accommodation request was denied however the WPA was approved both required the same documentation from therapist (ADA discrimination/Harassment

8. In and around 8/13/2019 CHISHALA Chibuye filed a complaint with Roopa Oberoi Sr. HR Manager and concerns were shared with Jocelyn Ross

9. In and around 8/20/2019 CHISHALA Chibuye was Placed on another Final for same attendance(discrimination/ retaliation/harassment) both warning issued by Jocelyn Ross

10. In and around 8/28/2019 CHISHALA Chibuye met with Roopa and Roxane Owens HR consultant Roopa who upheld the ADA denial(Neglect). "Roxane said she wasn't staying on the phone she was just connecting me and Roopa."

11. In and around 9/5/2019 CHISHALA Chibuye participated in a Meeting with Shabbar Ijtehadi and Bruce SR Manager who informed her that she was slated for termination (retaliation)

12. In and around 9/13/2019 EEOC charge was filed

13. In and around 10/23/2019 CHISHALA Chibuye  went out on short term disability due to the stress related to the job

14. In and around 4/1/2020 CHISHALA Chibuye  returned to work

15. In and around 4/2/2020 CHISHALA Chibuye  was Called into meeting with **Jocelyn Ross**. Who inquired about her free web hosted radio show [which they already knew about before the leave]

   a.  In the words of CHISHALA Chibuye  "She asked me why did I interview the Real Housewives of Atlanta."

   b.  "I told her several times I wasn't comfortable talking to her without my attorney because of the ongoing EEOC investigation (Harassment, Retaliation)

16. In and around 4/3/2020 CHISHALA Chibuye  E-mailed her compliant to Gina Malayter Global HR Director

   a.  The complaint was forwarded to Mike Calantone EEO Manager (I told both Gina and Mike I had a pending EEOC investigation)

17. In and around 4/22/2020 CHISHALA Chibuye had meeting with Mike and expressed to him the ongoing issues with Jocelyn and the experienced retaliation.

18. In and around 5/15/2020 Mike emailed CHISHALA Chibuye  and said no evidence was found of retaliation.

   a.  In the words of CHISHALA Chibuye , "Mike spoke with some of my previous managers that were aware my issues with Jocelyn when I made a complaint against her friend Marie D'Angullar who no longer works at Verizon as of 11/17/2019."

19. On 6/12/2020 CHISHALA Chibuye  was terminated by Amanda Cox she said because of violation of attendance policy, admitting to having a radio show, doing video interviews, and refusing to participate in an ongoing investigation.

## I.   <u>Disability Related Discrimination</u>

Disability discrimination occurs when an <u>employer or other entity covered</u> by the Americans with

Disabilities Act, as amended, or the Rehabilitation Act, as amended, treats a qualified individual with a

disability who is an employee or applicant unfavorably because he or she has a disability.

Disability discrimination also occurs when a covered employer or other entity treats an applicant or

employee less favorably because he or she has a history of a disability (such as a past major depressive

episode) or because he or she is believed to have a physical or mental impairment that is not transitory

(lasting or expected to last six months or less) and minor (even if he or she does not have such an

impairment).

The law requires an employer to provide reasonable accommodation to an employee or job applicant

with a disability, unless doing so would cause significant difficulty or expense for the employer ("undue

hardship").

The law also protects people from discrimination based on their relationship with a person with a

disability (even if they do not themselves have a disability). For example, it is illegal to discriminate

against an employee because her husband has a disability.

20.  The Plaintiff adopts the above noted statements of facts to coincide with the specific claim and

The Plaintiff alleges Disability Based discrimination based upon the Defendant's

    a.  **Jocelyn Ross'** Refusal to allow her to utilize the full measure of her FMLA leave

    pursuant to company policy per her reasonable accommodations requirements and;

    b.  In direct violation of Federal Law;

    c.  As the Plaintiff was terminated for absences related to her disability;

    d.  While her current FMLA guidelines were still in place; and

21.  Defendants did falsely accuse the Plaintiff of using her hobbies and redemptive and therapeutic

arts on company time [while out on FMLA Leave] for the purpose of generating income;

22.  So as to create a false reason for termination.

4 Chishala Chibuye Complaint

## II.  Creating a Hostile Working Environment &:

In United States labor law, a **hostile work environment** exists when one's behavior within a workplace creates an environment that is difficult or uncomfortable for another person to work in, due to discrimination.[1] Common complaints in sexual harassment lawsuits include fondling, suggestive remarks, sexually-suggestive photos displayed in the workplace, use of sexual language, or off-color jokes.[2] Small matters, annoyances, and isolated incidents are usually not considered to be statutory violations of the discrimination laws. For a violation to impose liability, the conduct must create a work environment that would be intimidating, hostile, or offensive to a reasonable person. An employer can be held liable for failing to prevent these workplace conditions, unless it can prove that it attempted to prevent the harassment and that the employee failed to take advantage of existing harassment counter-measures or tools provided by the employer.[3]

A hostile work environment may also be created when management acts in a manner designed to make an employee quit in retaliation for some action. For example, if an employee reported safety violations at work, was injured, attempted to join a union, or reported regulatory violations by management, and management's response was to harass and pressure the employee to quit. Employers have tried to force employees to quit by imposing unwarranted discipline, reducing hours, cutting wages, or transferring the complaining employee to a distant work location.

The United States Supreme Court stated in *Oncale v. Sundowner Offshore Services, Inc.*[4] that Title VII is "not a general civility code." Thus, federal law does not prohibit simple teasing, offhand comments, or isolated incidents that are not extremely serious. Rather, the conduct must be so objectively offensive as to alter the conditions of the individual's employment. The conditions of employment are altered only if the harassment culminates in a tangible employment action or is sufficiently severe or pervasive.

23.  The Plaintiff adopts the above noted statements of facts to coincide with the specific claim and alleges that Defendant **Jocelyn Ross** did create a hostile working environment where she was

unfairly scrutinized for taking required time off from work that was based upon her disability and health needs.

24. The Plaintiff alleges that the Defendants did utilize her artistry, artistic endeavors and hobbies that were used as redemptive and therapeutic arts to secure a means to place her under unfair scrutiny and eventually to fire her, specifically after she raised her initial EEOC complaints.

25. Mr. CHIBUYE has suffered harm, and mental and emotional distress.

The Plaintiff alleges retaliation based upon the actions of Pamela Benford and Dr. Bernita Jones who has purposely sought to prevent the professional growth of Mr. CHIBUYE since his beginning in proceedings and filing the formal complaint with the EEOC. After filing the complaint, the two did conspire to remove Mr. CHIBUYE from his position and ensure that he was placed at a lower grade level setting where he was required to earn less money based upon the salary schedule, duties and responsibilities. Mr. CHIBUYE did in fact suffer financial harm and the harm is ongoing.

### III. <u>Retaliation based Termination</u>

The EEO laws prohibit punishing job applicants or employees for asserting their rights to be free from employment discrimination including harassment. Asserting these EEO rights is called "protected activity," and it can take many forms. For example, it is unlawful to retaliate against applicants or employees for: filing or being a witness in an EEO charge, complaint, investigation, or lawsuit, communicating with a supervisor or manager about employment discrimination, including harassment, answering questions during an employer investigation of alleged harassment, refusing to follow orders that would result in discrimination, resisting sexual advances, or intervening to protect others, requesting accommodation of a disability or for a religious practice or asking managers or co-workers about salary information to uncover potentially discriminatory wages.

Participating in a complaint process is protected from retaliation under all circumstances. Other acts to oppose discrimination are protected as long as the employee was acting on a reasonable belief that

6 Chishala Chibuye Complaint

something in the workplace may violate EEO laws, even if he or she did not use legal terminology to describe it.

Engaging in EEO activity, however, does not shield an employee from all discipline or discharge. Employers are free to discipline or terminate workers if motivated by *non-retaliatory and non-discriminatory* reasons that would otherwise result in such consequences. However, an employer is not allowed to do anything in response to EEO activity that would discourage someone from resisting or complaining about future discrimination.

For example, depending on the facts, it could be retaliation if an employer acts because of the employee's EEO activity to: reprimand the employee or give a performance evaluation that is lower than it should be; transfer the employee to a less desirable position; engage in verbal or physical abuse; threaten to make, or actually make reports to authorities (such as reporting immigration status or contacting the police); increase scrutiny; spread false rumors, treat a family member negatively (for example, cancel a contract with the person's spouse); or make the person's work more difficult (for example, punishing an employee for an EEO complaint by purposefully changing his work schedule to conflict with family responsibilities).

26. The Plaintiff adopts the above noted statements of facts to coincide with the specific claim and alleges that Defendants did create a hostile working environment where she was unfairly scrutinized for taking required time off from work that was based upon her disability and health needs.

27. The Plaintiff alleges that the Defendants did utilize her artistry, artistic endeavors and hobbies that were used as redemptive and therapeutic arts to secure a means to place her under unfair scrutiny and eventually to fire her, specifically after she raised her initial EEOC complaints.

28. Mr. CHIBUYE has suffered harm, and mental and emotional distress.

## IV. Breach of Contract.

As the Georgia Supreme Court has held, "when an employment contract requires that termination be 'for cause' only, and the employer fires the employee without cause, a substantive breach occurs, and the employee would be entitled to seek full compensatory damages." *Savannah College of Art & Design v. Nulph*, 265 Ga. 662-63 (1995).

These compensatory damages may include the compensation and benefits that the employee would have received if the contract had not been terminated or may be spelled out by the contract itself.

29. The Plaintiff adopts the above noted statements of facts to coincide with the specific claim and alleges that Defendants did create a hostile working environment where she was unfairly scrutinized for taking required time off from work that was based upon her disability and health needs.

30. The Plaintiff alleges that the Defendants did utilize her artistry, artistic endeavors and hobbies that were used as redemptive and therapeutic arts to secure a means to place her under unfair scrutiny and eventually to fire her, specifically after she raised her initial EEOC complaints.

31. The Plaintiff alleges that there was a legal and contractual expectation that her FMLA time would be honored as it had been prior to the breach; and

32. Others within the corporation have benefitted from the same contractual reasonable accommodations.

33. Mr. CHIBUYE has suffered harm, and mental and emotional distress.

## V. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Intentional infliction of emotional distress is sometimes referred to as the "tort of outrage." In some cases, the circumstances of termination are so cruel, intimidating, and severe that an employee suffers extreme emotional upset. In certain instances, it is unlawful for an employer to deliberately cause an employee serious emotional harm. One might have been treated unlawfully if the employer's conduct was:

8 Chishala Chibuye Complaint

A. Extreme and outrageous, beyond the bounds of acceptable conduct in a civilized society;

B. Intended to, or could reasonably be foreseen, cause a reasonable person serious emotional trauma; and

C. Actually the cause of severe and serious emotional distress.

D. The law does not protect against "mere insult."

Intentional Infliction of Emotional Distress (IIED) occurs when an employer purposely causes severe emotional distress as a result of extreme and outrageous conduct. Examples of Intentional Infliction of Emotional Distress claims can include racial insults, discrimination, false imprisonment, and conduct that threaten physical security (a physical injury is not necessary).

34. The Plaintiff adopts the above noted statements of facts to coincide with the specific claim and alleges that Defendants including **Jocelyn Ross** did create a hostile working environment where she was unfairly scrutinized for taking required time off from work that was based upon her disability and health needs.

35. The Plaintiff alleges that the Defendants did utilize her artistry, artistic endeavors and hobbies that were used as redemptive and therapeutic arts to secure a means to place her under unfair scrutiny and eventually to fire her, specifically after she raised her initial EEOC complaints.

36. The Plaintiff alleges that there was a contractual expectation that her FMLA time would be honored as it had been prior to the breach; and

37. Others within the corporation have benefitted from the same contractual reasonable accommodations.

38. Ms. CHIBUYE has suffered harm, and mental and emotional distress.

39. The actions of the named defendants were intentional, malicious and egregious in nature.

40. The acts subsequently caused emotional distress related to the ongoing emotional pain and suffering.

9 Chishala Chibuye Complaint

## VI. <u>UNLIQUIDATED DAMAGES ACT</u>

This paragraph constitutes written notice that Plaintiff shall be entitled to receive interest on the claimed sum from defendant if Defendant fails to pay the claimed sum within (30) days from receipt of this notice unless, upon the trial of this case, the judgment is for an amount less than the sum claimed.

This notice is being given pursuant to (Unliquidated Damages Interest Act). The interest shall begin to run from the thirtieth day following the date of service of this notice date of Judgment. Said interest shall be at a rate of 1296 per annum. Plaintiff is entitled to recover for his/her damages from this/these defendant(s).

Plaintiff is entitled to recover one third (1/3) attorney's fees if Defendant has been stubbornly litigious and has caused Plaintiff unnecessary trouble and expenses by forcing Plaintiff(s) to resort to the Courts when no bona fide "controversy" existed. Plaintiff reserves the right to request additional attorney's fees in the event defendant responds with frivolous actions and defenses.

## VII.    <u>PRYER FOR RELIEF</u>

WHEREFORE, Plaintiffs request through this complaint:

a.  That this Body exercise jurisdiction over plaintiffs' claims and include the issues relating to discrimination, harassment, retaliation, and creating of a hostile working environment;

b. That plaintiff be allowed full due process on the matter;

e. That this Body grant such other relief as many be just, equitable, and appropriate to include damages in contract, tort, compensatory damages and or punitive damages;

f. That Plaintiff's Counsel be allowed to amend [said] complaint as required by law;

g. That the matter be provided a jury of 12 for deliberation.

Respectfully Submitted This December 7, 2020

ss//Kamau K. Mason
KAMAU K. MASON, Bar # 82343

The Law Offices of Kamau K. Mason & Assoc.
30360Woodrow Drive
Lithonia, GA 30038
678.464.4618 phone
678.526.5310 fax
kkmason@yahoo.com
10 Chishala Chibuye Complaint

EEOC Form 161 (11/16)                    **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Chishala Chibuye<br>504 Dalton Ct<br>Dalton, GA 30721 | From: | Atlanta District Office<br>100 Alabama Street, S.W.<br>Suite 4R30<br>Atlanta, GA 30303 |
|---|---|---|---|



| ☐ | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | | |
|---|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 410-2020-07932 | Carmen Bethune,<br>Investigator | (404) 562-6986 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed <u>WITHIN 90 DAYS</u>** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u>** before you file suit may not be collectible.

On behalf of the Commission

Enclosures(s)

_____
Darrell E. Graham,
District Director

SEP 1 1 2020

*(Date Mailed)*

cc: Natasha W. Campbell
Dir-HR Compliance
Verizon
1 Verizon Way
34W042B
Basking Ridge, NJ 07920

Kamau Mason
THE LAW OFFICES OF KAMAU K. MASON & ASSOCIATES
3036 Woodrow Drive
Lithonia, GA 30038

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),**
**the Genetic Information Nondiscrimination Act (GINA), or the Age**
**Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date** this Notice was *mailed* to you (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit **before 7/1/10** – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

B

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974  See enclosed Privacy Act Statement and other information before completing this form | ☐ FEPA<br>☒ EEOC | 410-2019-07869 |

|  |  | and EEOC |
|---|---|---|
| State or local Agency, if any | | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl Area Code) | Date of Birth |
|---|---|---|
| Chishala Chibuye | (404) 667-4214 | 1978 |

| Street Address | City, State and ZIP Code |
|---|---|
| 504 Dalton Court | Dalton, GA 30721 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee. or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No (Include Area Code) |
|---|---|---|
| VERIZON | 500 or More | (678) 319-0199 |

| Street Address | City, State and ZIP Code |
|---|---|
| 5055 Northpoint Parkway | Alpharetta, GA 30022 |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 07-15-2019   Latest: 09-12-2019

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. I began my employment with the above-named employer on September 15, 2013, as a Business Government Coordinator. I am an individual with a disability. On or about July 15, 2019, I went out on intermittent Family Medical and Leave Act. In late July 2019, I requested a Work Place Accommodation (WPA) and provided medical documentation. Joslyn Ross, Human Resources, denied my request and I received a final warning for attendance. On August 16, 2019, I complained to Rampa Malek, Senior Human Resources Manager, regarding not being allowed to be accommodated when other employees have been granted accommodations. To date, no corrective actions have been taken.

II. I believe that I have been discriminated against because of my disability, in violation of Title I of the Americans with Disability Act of 1990, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Sep 12, 2019          *Chishala N. Chibuye* (signature)<br>Date                  Charging Party Signature | SEP 12 2019<br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)<br>EEOC-ATDO |





August 19, 2020

The Law Offices of Kamau K. Mason & Associates
3036 Woodrow Drive
Lithonia, GA 30038
678.464.4618 phone
678.526.5310 fax
kkmason@yahoo.com
www.kamaumasonlaw.com

Chishala Chibuye
1475 Sand Bay Dr #3111
Atlanta GA 30331
404-667-4214

In the Matter[s] of Chishala Chibuye
Entry of Appearance on Case Number: 410-2019-07869
And Notice of New Case Based Upon Retaliatory Termination

To:  Bernice Williams-Kimbrough & Lynette Barnes
Sam Nunn Atlanta Federation Center
100 Alabama Street SW
Suite 4R30
Atlanta, GA 30303
800-669-4000 phone
404-562-6909 fax

CC:  Carmen Bethune
Investigator / EEOC
Sam Nunn Atlanta Federation Center
100 Alabama Street SW
Suite 4R30
Atlanta, GA 30303
800-669-4000 phone
404-562-6909 fax
CARMEN.BETHUNE@EEOC.GOV

Michael Calantone
VERIZON EEO Manager Employee Relations
O 908 559 5693
M 908 872 2172
One Verizon Way
Basking Ridge, NJ 07920
michael.calantone@verizon.com

Chishala Chibuye 1

Please be advised that this office represents Chishala Chibuye (African American) in the matter of Case Number: 410-2019-07869 in reference to harassing behaviors, racial bias and discrimination, and retaliation based upon behaviors stemming from Discrimination Based Upon Her Disability. This office is providing formal notice to all entities of its intent to investigate the matter through the EEOC process, civil proceedings and if necessary in State, Superior and / or Federal Court. This separate and distinct claim comes as a result of the firing of Chishala Chibuye during an active investigation into the above noted EEOC complaints.

Chishala Chibuye was terminated June 12th 2020 as the EEOC investigation into the prior complaints was active and ongoing.

This office believes the firing to be retaliatory in nature. The facts from the prior complaint are noted because the issues stem from the same nexus of events. However, this notice serves as a part of the separate complaint for the retaliatory firing. The facts known to this office at present are as follows:

1. In and around 6/17/2019 Chishala Chibuye received a Written warning from HR Management and Administrators at Verizon Wireless;
2. In and around 8/1/2019 Chishala Chibuye was Placed on Final Warning for attendance (discrimination ADA);
3. In and around 8/2/2019 Chishala Chibuye Requested ADA accommodation to utilized not covered by FMLA time and use my vacation time to fund those days with Jocelyn Ross
4. In and around 8/6/2019 Chishala Chibuye was administered an Excused a tardy not related to FMLA
5. In and around 8/13/2019 Chishala Chibuye 's ADA accommodation request was denied however the WPA was approved both required the same documentation from therapist( ADA discrimination/Harassment
6. In and around 8/13/2019 Chishala Chibuye filed a complaint with Roopa Oberoi Sr. HR Manager and concerns were shared with Jocelyn Ross
7. In and around 8/20/2019 Chishala Chibuye was Placed on another Final for same attendance(discrimination/ retaliation/harassment) both warning issued by Jocelyn Ross
8. In and around 8/28/2019 Chishala Chibuye met with Roopa and Roxane Owens HR consultant Roopa who upheld the ADA denial(Neglect). "Roxane said she wasn't staying on the phone she was just connecting me and Roopa."
9. In and around 9/5/2019 Chishala Chibuye participated in a Meeting with Shabbar Ijtehadi Director of my department and Bruce SR Manager who informed her that she was slated for termination (retaliation)
10. In and around 9/13/2019 EEOC charge filed
11. In and around 10/23/2019 Chishala Chibuye went out on short term disability due to the stress related to the job
12. In and around 4/1/2020 Chishala Chibuye returned to work
13. In and around 4/2/2020 Chishala Chibuye was Called into meeting with Jocelyn and Roxane. Jocelyn inquired about her free web hosted radio show [which they already knew about before the leave]
    a. In the words of Chishala Chibuye "She asked me why did I interview the Real Housewives of Atlanta."

Chishala Chibuye 2

    b.   "I told her several times I wasn't comfortable talking to her without my attorney because of the ongoing EEOC investigation (Harassment, Retaliation)

14. In and around 4/3/2020 Chishala Chibuye  E-mailed her compliant to Gina Malayter Global HR Director
    a.   The complaint was forwarded to Mike Calantone EEO Manager (I told both Gina and Mike I had a pending EEOC investigation)

15. In and around 4/22/2020 Chishala Chibuye had meeting with Mike and expressed to him the ongoing issues with Jocelyn and the experienced retaliation.

16. In and around 5/15/2020 Mike emailed Chishala Chibuye   and said no evidence was found of retaliation.
    a.   In the words of Chishala Chibuye , "Mike spoke with some of my previous managers that were aware my issues with Jocelyn when I made a complaint against her friend Marie D'Angullar who no longer works at Verizon as of 11/17/2019."

17. On 6/12/2020 Chishala Chibuye  was terminated by Amanda Cox she said because of violation of attendance policy, admitting to having a radio show, doing video interviews, and refusing to participate in an ongoing investigation.

Chishala Chibuye believes that she has been subjected to retaliation in light having filed an EEOC complaint against VERIZON based upon racial discrimination, harassment and creating a hostile work environment and the underlying claim of Discrimination based upon her Health and/ or Medical Disability.

It is the opinion this office that the termination of Chishala Chibuye  during the course of an active EEOC investigation creates a separate and distinct claim as the prior and pending claim[s] have not been resolved.

Additionally, even if the claims had been resolved in favor of the corporation, there is typically a 6 month window in which all terminations may be scrutinized as elements of retaliation.

This office formally requests that the EEOC take adequate steps to address the matter and reserves the right to bring forth those claims in any of the available courts including, but not limited to state court, superior court and/ or federal court.

Additionally, this office requests a new charging document so that the Plaintiff and her Attorneys may provide the required documentation to the EEOC.

Finally, this office has been retained to represent the above named Plaintiff/ Petitioner on the prior cause of action.  Please forward and / or include this office on any and all communications stemming from the EEOC or VERIZON in relation to investigations, litigation, pertinent information and / or offers to settle.

Sincerely,
Kamau K. Mason, Esq.
Signature and Date: _____ Aug 18/20

Chishala Chibuye
Signature and Date: _____ 8/18/2020

Chishala Chibuye 3



August 19, 2020

The Law Offices of Kamau K. Mason & Associates
3036 Woodrow Drive
Lithonia, GA 30038
678.464.4618 phone
678.526.5310 fax
kkmason@yahoo.com
www.kamaumasonlaw.com

In the Matter[s] of Chishala Chibuye
Entry of Appearance on Case Number: 410-2019-07869
And Notice of New Case Based Upon Retaliatory Termination

To: Bernice Williams-Kimbrough & Lynette Barnes
Sam Nunn Atlanta Federation Center
100 Alabama Street SW
Suite 4R30
Atlanta, GA 30303
800-669-4000 phone
404-562-6909 fax

CC: Carmen Bethune
Investigator / EEOC
Sam Nunn Atlanta Federation Center
100 Alabama Street SW
Suite 4R30
Atlanta, GA 30303
800-669-4000 phone
404-562-6909 fax
CARMEN.BETHUNE@EEOC.GOV

Michael Calantone
VERIZON EEO Manager Employee Relations
O 908 559 5693
M 908 872 2172
One Verizon Way
Basking Ridge, NJ 07920
michael.calantone@verizon.com

Spoliation Letter / Perfect Preservation Letter

By this letter, you are hereby given notice not to destroy, conceal or alter any paper or electronic files
and other data generated by and/or stored on your client's computers and storage media (e.g., hard disks,
floppy disks, backup tapes, Zip cartridges, CDs, DVDs, etc.), or any other electronic data, such as voice

Chishala Chibuye 4

mail. As you know, your client's failure to comply with this notice can result in severe sanctions being imposed by the Court for spoliation of evidence or potential evidence.

In anticipation of discovery, we expect to obtain from you a number of documents and things, including files stored on your client's computers and your client's computer storage media which may show video footage of the original spill of the liquid that caused the slip and fall, my client's actual slip and fall and the subsequent measures taken to record the slip and fall.

In order to avoid spoliation, you may need to provide the data requested on the original media, or on exact copies of that media (sometimes referred to as image, evidentiary, or mirror copies), and be able to prove that the original matches the copy in every respect. Do not reuse any media to provide this data.

Additionally, in order to avoid spoliation you may have to suspend certain normal computer maintenance procedures, including but not limited to such procedures as de-fragmenting hard drives, deleting internet cookies, deleting browser history and favorites, and running any "disk clean-up" processes.

Please be advised that it is your client's obligation to preserve documents, video footage and other things in anticipation of discovery because this case arises in law and equity in the state of Georgia.

In anticipation of discovery, we request that you not alter or destroy electronic documents and the storage media on which they reside contain relevant, discoverable information beyond that which may be found in printed documents. Therefore, even where a paper copy exists, we anticipate seeking all documents in their electronic form along with information about those documents contained on the media. We also anticipate seeking paper printouts of only those documents that contain unique information after they were printed out (such as paper documents containing handwriting, signatures, marginalia, drawings, annotations, highlighting and redactions) along with any paper documents for which no corresponding electronic files exist.

Please be advised that future discovery requests may ask for certain data on the hard disks, floppy disks and backup media used in your client's computers, some of which data are not readily available to an ordinary computer user, such as "deleted" files and "file fragments." As you may know, although a user may "erase" or "delete" a file, all that is really erased is a reference to that file in a table on the hard disk; unless overwritten with new data, a "deleted" file can be as intact on the disk as any "active" file you would see in a directory listing.

Please be advised that Courts have made it clear that all information available on electronic storage media is discoverable, whether readily readable ("active") or "deleted" but recoverable. See, e.g., Easley, McCaleb & Assocs., Inc. v. Perry, No. E-2663 (Ga. Super. Ct. July 13, 1994; "deleted" files on a party's computer hard drive held to be discoverable, and plaintiffs expert was allowed to retrieve all recoverable files); Santiago v. Miles, 121 F.R.D. 636, 640 (W.D.N. Y. 1988; a request for "raw information in computer banks" was proper and obtainable under the discovery rules); Gates Rubber Co. v. Bando Chemical Indus., Ltd., 167 F.R.D. 90, 112 (D. Colo. 1996; mirror- image copy ofeverything on a hard drive "the method which would yield the most complete and accurate results," chastising a party's expert for failing to do so); and Northwest Airlines, Inc. v. Teamsters Local 2000, et al., 163 L.R.R.M. (BNA) 2460, (USDC Minn. 1999); court ordered image-copying by Northwest's expert of home computer hard drives of employees suspected of orchestrating an Illegal "sick-out" on the internet). }

Accordingly, electronic data and storage media that may be subject to our discovery requests and that your client is obligated to maintain and not alter or destroy, include but are not limited to the following:

Chishala Chibuye 5

a. All digital or analog electronic files, which may contain evidence of the slip and fall accident and/or information on cleaning schedules and maintenance records including "deleted" files and file fragments, stored in machine-readable format on magnetic, optical or other storage media, including the hard drives or floppy disks used by your client's computers and their backup media (e.g., other hard drives, backup tapes, floppies, Jaz or Zip cartridges, CD-ROMs, DVDs) or otherwise, whether such files have been reduced to paper printouts or not.

b. More specifically, your client is to preserve all e-mails, both sent and received, whether internally or externally;

c. all pertinent electronic data created with the use of personal data assistants (PDAs), such as PalmPilot, HP Jornada, Cassiopeia or other Windows CE-based or Pocket PC devices;

d. all pertinent data created with the use of document management software; all data created with the use of paper and electronic mail logging and routing software; all Internet and Web-browser-generated history files, caches and "cookie" files generated at the workstation of each employee and/or agent in your client's employ and on any and all backup storage media; and any and all other files generated by users through the use of computers and/or telecommunications, including but not limited to voice mail.

Further, you are to preserve any log or logs of network use by employees or otherwise, whether kept in paper or electronic form, and to preserve all copies of your backup tapes and the software necessary to reconstruct the data on those tapes, so that there can be made a complete, bit-by-bit "mirror" evidentiary image copy of the storage media of each and every personal computer (and/or workstation) and network server in your control and custody, as well as image copies of all hard drives retained by you and no longer in service, but in use at any time from to the present.

Your client is also to preserve and not destroy all passwords, decryption procedures (including, if necessary, the software to decrypt the files); network access codes, 10 names, manuals, tutorials, written instructions, decompression or reconstruction software, and any and all other information and things necessary to access, view and (if necessary) reconstruct the electronic data we [are requesting/will request] through discovery.

1. Business Records: [All documents and information about documents containing backup and/or archive policy and/or procedure, document retention policy, names of backup and/or archive software, names and addresses of any offsite storage provider.] that may be relevant to the accident in question:

a) All e-mail and information about e-mail (including message contents, header information and logs of email system usage) sent or received by the following persons: store managers, assistant store managers, shift managers, cleaning and maintenance personnel; claims representatives

b) All databases (including all records and fields and structural information in such databases), containing any reference to and/or information about or related to: [the incident]

c) All logs of activity (both in paper and electronic formats) on computer systems and networks that have or may have been used to process or store electronic data containing information about or related to: the incident;

d) Preservation of Evidence

e) All electronic data files, including prior drafts, "deleted" files and file fragments about or related to the incident in question.

Online Data Storage on Mainframes and Minicomputers

Chishala Chibuye 6

With regard to online storage and/or direct access storage devices attached to your client's mainframe computers and/or minicomputers: they are not to modify or delete any electronic data files, "deleted" files and file fragments existing at the time of this letter's delivery, which meet the definitions set forth in this letter, unless a true and correct copy of each such electronic data file has been made and steps have been taken to assure that such a copy will be preserved and accessible for purposes of this litigation.

Offline Data Storage, Backups and Archives, Floppy Diskettes, Tapes and Other Removable Electronic Media

With regard to all electronic media used for offline storage, including magnetic tapes and cartridges and other media that, at the time of this letter's delivery, contained any electronic data meeting the criteria listed in paragraph 1 above: Your client is to stop any activity that may result In the loss of such electronic data, including rotation, destruction, overwriting and/or erasure of such media in whole or in part. This request is intended to cover all removable electronic media used for data storage in connection with their computer systems, including magnetic tapes and cartridges, magneto-optical disks, floppy diskettes and all other media, whether used with personal computers, minicomputers or mainframes or other computers, and whether containing backup and/or archive data sets and other electronic data, for all of the Ir computer systems.

### Replacement of Data Storage Devices

Your client is not to dispose of any electronic data storage devices and/or media that may be replaced due to failure and/or upgrade and/or other reasons that may contain electronic data meeting the criteria listed in paragraph 1 above.

### Fixed Drives on Stand-Alone Personal Computers and Network Workstations

With regard to electronic data meeting the criteria listed in paragraph 1 above, which existed on fixed drives attached to stand-alone microcomputers and/or network workstations at the time of this letter's delivery: Your client is not to alter or erase such electronic data, and not to perform other procedures (such as data compression and disk de-fragmentation or optimization routines) that may impact such data, unless a true and correct copy has been made of such active files and of completely restored versions of such deleted electronic files and file fragments, copies have been made of all directory listings (including hidden files) for all directories and subdirectories containing such files, and arrangements have been made to preserve copies during the pendency of this (pending) litigation.

Preservation of Evidence

### Personal Computers Used by Your Employees and/or their Secretaries and Assistants

The following steps should immediately be taken to safeguard all personal computers used by your client's employees and/or their secretaries and assistants.

a)  As to fixed drives attached to such computers: (i) a true and correct copy is to be made of all electronic data on such fixed drives relating to this matter, including all active files and completely restored versions of all deleted electronic files and file fragments; (ii) full directory listings (including hidden files) for all directories and subdirectories (including hidden directories) on such fixed drives should be written; and (iii) such copies and listings are to be preserved until this matter reaches its final resolution.

Chishala Chibuye 7

b)     All floppy diskettes, magnetic tapes and cartridges, and other media used in connection with such computers prior to the date of delivery of this letter containing any electronic data relating to this matter are to be collected and put into storage for the duration of this litigation.

c)     All notations of key strokes and available username and password identifiers in connection to all fiscal accounts for John and Shaunda Smith.

d)     All notations of key strokes and available username and password identifiers in connection to all e-mail accounts for John and Shaunda Smith.

e)     All communications to and from HR Representatives concerning John and Shaunda Smith.

f)     All electronic data used to take note of married couples and dating couples at Cox Communications and Auto Trader for the prior 5 years leading up to the incident in question, concurrent to the incident in question and after the sick leave taken by each of the Smiths.

g)     All complaints written by and/or concerning the incidents involving John and Shaunda Smith.

h)     Any and all complaints submitted by either John or Shaunda Smith of/about or concerning Auto Trader Cox Communications relating to EEOC claims, accidents and or/ workman's compensation hearings.

i)     The work lap top of John Smith. [Please do not alter or erase any pertinent data that would be construed as evidence in this matter including e-mails, communications, key strokes and work-related filings.]

j)     Any and all pertinent data saved in relation to his completion of assignments.

Evidence Created Subsequent to This Letter

With regard to electronic data created subsequent to the date of delivery of this letter, relevant evidence is not be destroyed and your client is to take whatever steps are appropriate to avoid destruction of evidence.

In order to assure that your and your client's obligation to preserve documents and things will be met, please forward a copy of this letter to all persons and entities with custodial responsibility for the items referred to in this letter.

Chishala Chibuye 8

EEOC Form 5 (11/09)

D

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 410-2020-07932 |

|  | State or local Agency, if any | and EEOC |
|---|---|---|

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Chishala Chibuye** | **(404) 667-4214** | **1978** |

| Street Address | City, State and ZIP Code |
|---|---|
| **504 Dalton Court** | **Dalton, GA 30721** |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others.  (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **VERIZON** | **500 or More** | **(908) 559-5693** |

| Street Address | City, State and ZIP Code |
|---|---|
| **5055 Northpoint Parkway** | **Alpharetta, GA 30004** |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
|  |  |  |

| Street Address | City, State and ZIP Code |
|---|---|
|  |  |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| 04-03-2020 | 06-12-2020 |

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

**Pleas see attached.**

*[Notary seal: ANNE E PHILLIPS, NOTARY PUBLIC, FULTON COUNTY, GEORGIA, MY COMMISSION EXPIRES FEBRUARY 27, 2021]*

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | *Anne E. Phillips*<br>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 9/1/2020          *Chishala M. Chibuye*<br>Date               Charging Party Signature | *Chishala M. Chibuye*<br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)<br>09/01/2020 |





August 19, 2020

The Law Offices of Kamau K. Mason & Associates
3036 Woodrow Drive
Lithonia, GA 30038
678.464.4618 phone
678.526.5310 fax
kkmason@yahoo.com
www.kamaumasonlaw.com

Chishala Chibuye
1475 Sand Bay Dr #3111
Atlanta GA 30331
404-667-4214

In the Matter[s] of Chishala Chibuye
Entry of Appearance on Case Number: 410-2019-07869
And Notice of New Case Based Upon Retaliatory Termination

To:  Bernice Williams-Kimbrough & Lynette Barnes
     Sam Nunn Atlanta Federation Center
     100 Alabama Street SW
     Suite 4R30
     Atlanta, GA 30303
     800-669-4000 phone
     404-562-6909 fax

CC:  Carmen Bethune
     Investigator / EEOC
     Sam Nunn Atlanta Federation Center
     100 Alabama Street SW
     Suite 4R30
     Atlanta, GA 30303
     800-669-4000 phone
     404-562-6909 fax
     CARMEN.BETHUNE@EEOC.GOV

     Michael Calantone
     VERIZON EEO Manager Employee Relations
     O 908 559 5693
     M 908 872 2172
     One Verizon Way
     Basking Ridge, NJ 07920
     michael.calantone@verizon.com

Chishala Chibuye 1

Please be advised that this office represents Chishala Chibuye (African American) in the matter of Case Number: 410-2019-07869 in reference to harassing behaviors, racial bias and discrimination, and retaliation based upon behaviors stemming from Discrimination Based Upon Her Disability. This office is providing formal notice to all entities of its intent to investigate the matter through the EEOC process, civil proceedings and if necessary in State, Superior and / or Federal Court. This separate and distinct claim comes as a result of the firing of Chishala Chibuye during an active investigation into the above noted EEOC complaints.

Chishala Chibuye was terminated June 12th 2020 as the EEOC investigation into the prior complaints was active and ongoing.

<u>This office believes the firing to be retaliatory in nature.</u>  The facts from the prior complaint are noted because the issues stem from the same nexus of events.  However, this notice serves as a part of the separate complaint for the retaliatory firing.  The facts known to this office at present are as follows:

1. In and around 6/17/2019 Chishala Chibuye received a Written warning from HR Management and Administrators at Verizon Wireless;
2. In and around 8/1/2019 Chishala Chibuye was Placed on Final Warning for attendance (discrimination ADA);
3. In and around 8/2/2019 Chishala Chibuye Requested ADA accommodation to utilized not covered by FMLA time and use my vacation time to fund those days with Jocelyn Ross
4. In and around 8/6/2019 Chishala Chibuye was administered an Excused a tardy not related to FMLA
5. In and around 8/13/2019 Chishala Chibuye 's ADA accommodation request was denied however the WPA was approved both required the same documentation from therapist( ADA discrimination/Harassment)
6. In and around 8/13/2019 Chishala Chibuye filed a complaint with Roopa Oberoi Sr. HR Manager and concerns were shared with Jocelyn Ross
7. In and around 8/20/2019 Chishala Chibuye was Placed on another Final for same attendance(discrimination/ retaliation/harassment) both warning issued by Jocelyn Ross
8. In and around 8/28/2019 Chishala Chibuye met with Roopa and Roxane Owens HR consultant Roopa who upheld the ADA denial(Neglect). "Roxane said she wasn't staying on the phone she was just connecting me and Roopa."
9. In and around 9/5/2019 Chishala Chibuye participated in a Meeting with Shabbar Ijtehadi Director of my department and Bruce SR Manager who informed her that she was slated for termination (retaliation)
10. In and around 9/13/2019 EEOC charge filed
11. In and around 10/23/2019 Chishala Chibuye went out on short term disability due to the stress related to the job
12. In and around 4/1/2020 Chishala Chibuye returned to work
13. In and around 4/2/2020 Chishala Chibuye was Called into meeting with Jocelyn and Roxane. Jocelyn inquired about her free web hosted radio show [which they already knew about before the leave]
    a. In the words of Chishala Chibuye "She asked me why did I interview the Real Housewives of Atlanta."

Chishala Chibuye 2

    b.  "I told her several times I wasn't comfortable talking to her without my attorney because of the ongoing EEOC investigation (Harassment, Retaliation)

14. In and around 4/3/2020 Chishala Chibuye  E-mailed her compliant to Gina Malayter Global HR Director

    a.  The complaint was forwarded to Mike Calantone EEO Manager (I told both Gina and Mike I had a pending EEOC investigation)

15. In and around 4/22/2020 Chishala Chibuye had meeting with Mike and expressed to him the ongoing issues with Jocelyn and the experienced retaliation.

16. In and around 5/15/2020 Mike emailed Chishala Chibuye   and said no evidence was found of retaliation.

    a.  In the words of Chishala Chibuye , "Mike spoke with some of my previous managers that were aware my issues with Jocelyn when I made a complaint against her friend Marie D'Angullar who no longer works at Verizon as of 11/17/2019."

17. On 6/12/2020 Chishala Chibuye  was terminated by Amanda Cox she said because of violation of attendance policy, admitting to having a radio show, doing video interviews, and refusing to participate in an ongoing investigation.

Chishala Chibuye believes that she has been subjected to retaliation in light having filed an EEOC complaint against VERIZON based upon racial discrimination, harassment and creating a hostile work environment and the underlying claim of Discrimination based upon her Health and/ or Medical Disability.

It is the opinion this office that the termination of Chishala Chibuye  during the course of an active EEOC investigation creates a separate and distinct claim as the prior and pending claim[s] have not been resolved.

Additionally, even if the claims had been resolved in favor of the corporation, there is typically a 6 month window in which all terminations may be scrutinized as elements of retaliation.

This office formally requests that the EEOC take adequate steps to address the matter and reserves the right to bring forth those claims in any of the available courts including, but not limited to state court, superior court and/ or federal court.

Additionally, this office requests a new charging document so that the Plaintiff and her Attorneys may provide the required documentation to the EEOC.

Finally, this office has been retained to represent the above named Plaintiff/ Petitioner on the prior cause of action.  Please forward and / or include this office on any and all communications stemming from the EEOC or VERIZON in relation to investigations, litigation, pertinent information and / or offers to settle.

Sincerely,
Kamau K. Mason, Esq.
Signature and Date:      Aug 18/20

Chishala Chibuye
Signature and Date:    Chishala N. Chibuye    8/18/2020

Chishala Chibuye 3



August 19, 2020

The Law Offices of Kamau K. Mason & Associates
3036 Woodrow Drive
Lithonia, GA 30038
678.464.4618 phone
678.526.5310 fax
kkmason@yahoo.com
www.kamaumasonlaw.com

In the Matter[s] of Chishala Chibuye
Entry of Appearance on Case Number: 410-2019-07869
And Notice of New Case Based Upon Retaliatory Termination

To:  Bernice Williams-Kimbrough & Lynette Barnes
     Sam Nunn Atlanta Federation Center
     100 Alabama Street SW
     Suite 4R30
     Atlanta, GA 30303
     800-669-4000 phone
     404-562-6909 fax

CC:  Carmen Bethune
     Investigator / EEOC
     Sam Nunn Atlanta Federation Center
     100 Alabama Street SW
     Suite 4R30
     Atlanta, GA 30303
     800-669-4000 phone
     404-562-6909 fax
     CARMEN.BETHUNE@EEOC.GOV

     Michael Calantone
     VERIZON EEO Manager Employee Relations
     O 908 559 5693
     M 908 872 2172
     One Verizon Way
     Basking Ridge, NJ 07920
     michael.calantone@verizon.com

Spoliation Letter / Perfect Preservation Letter

By this letter, you are hereby given notice not to destroy, conceal or alter any paper or electronic files
and other data generated by and/or stored on your client's computers and storage media (e.g., hard disks,
floppy disks, backup tapes, Zip cartridges, CDs, DVDs, etc.), or any other electronic data, such as voice

Chishala Chibuye 4

mail. As you know, your client's failure to comply with this notice can result in severe sanctions being imposed by the Court for spoliation of evidence or potential evidence.

In anticipation of discovery, we expect to obtain from you a number of documents and things, including files stored on your client's computers and your client's computer storage media which may show video footage of the original spill of the liquid that caused the slip and fall, my client's actual slip and fall and the subsequent measures taken to record the slip and fall.

In order to avoid spoliation, you may need to provide the data requested on the original media, or on exact copies of that media (sometimes referred to as image, evidentiary, or mirror copies), and be able to prove that the original matches the copy in every respect. Do not reuse any media to provide this data.

Additionally, in order to avoid spoliation you may have to suspend certain normal computer maintenance procedures, including but not limited to such procedures as de-fragmenting hard drives, deleting internet cookies, deleting browser history and favorites, and running any "disk clean-up" processes.

Please be advised that it is your client's obligation to preserve documents, video footage and other things in anticipation of discovery because this case arises in law and equity in the state of Georgia.

In anticipation of discovery, we request that you not alter or destroy electronic documents and the storage media on which they reside contain relevant, discoverable information beyond that which may be found in printed documents. Therefore, even where a paper copy exists, we anticipate seeking all documents in their electronic form along with information about those documents contained on the media. We also anticipate seeking paper printouts of only those documents that contain unique information after they were printed out (such as paper documents containing handwriting, signatures, marginalia, drawings, annotations, highlighting and redactions) along with any paper documents for which no corresponding electronic files exist.

Please be advised that future discovery requests may ask for certain data on the hard disks, floppy disks and backup media used in your client's computers, some of which data are not readily available to an ordinary computer user, such as "deleted" files and "file fragments." As you may know, although a user may "erase" or "delete" a file, all that is really erased is a reference to that file in a table on the hard disk; unless overwritten with new data, a "deleted" file can be as intact on the disk as any "active" file you would see in a directory listing.

Please be advised that Courts have made it clear that all information available on electronic storage media is discoverable, whether readily readable ("active") or "deleted" but recoverable. See, e.g., Easley, McCaleb & Assocs., Inc. v. Perry, No. E-2663 (Ga. Super. Ct. July 13, 1994; "deleted" files on a party's computer hard drive held to be discoverable, and plaintiffs expert was allowed to retrieve all recoverable files); Santiago v. Miles, 121 F.R.D. 636, 640 (W.D.N. Y. 1988; a request for "raw information in computer banks" was proper and obtainable under the discovery rules); Gates Rubber Co. v. Bando Chemical Indus., Ltd., 167 F.R.D. 90, 112 (D. Colo. 1996; mirror- image copy ofeverything on a hard drive "the method which would yield the most complete and accurate results," chastising a party's expert for failing to do so); and Northwest Airlines, Inc. v. Teamsters Local 2000, et al., 163 L.R.R.M. (BNA) 2460, (USDC Minn. 1999); court ordered image-copying by Northwest's expert of home computer hard drives of employees suspected of orchestrating an Illegal "sick-out" on the internet). }

Accordingly, electronic data and storage media that may be subject to our discovery requests and that your client is obligated to maintain and not alter or destroy, include but are not limited to the following:

Chishala Chibuye 5

a. All digital or analog electronic files, which may contain evidence of the slip and fall accident and/or information on cleaning schedules and maintenance records including "deleted" files and file fragments, stored in machine-readable format on magnetic, optical or other storage media, including the hard drives or floppy disks used by your client's computers and their backup media (e.g., other hard drives, backup tapes, floppies, Jaz or Zip cartridges, CD-ROMs, DVDs) or otherwise, whether such files have been reduced to paper printouts or not.

b. More specifically, your client is to preserve all e- mails, both sent and received, whether internally or externally;

c. all pertinent electronic data created with the use of personal data assistants (PDAs), such as PalmPilot, HP Jornada, Cassiopeia or other Windows CE-based or Pocket PC devices;

d. all pertinent data created with the use of document management software; all data created with the use of paper and electronic mail logging and routing software; all Internet and Web-browser-generated history files, caches and "cookie" files generated at the workstation of each employee and/or agent in your client's employ and on any and all backup storage media; and any and all other files generated by users through the use of computers and/or telecommunications, including but not limited to voice mail.

Further, you are to preserve any log or logs of network use by employees or otherwise, whether kept in paper or electronic form, and to preserve all copies of your backup tapes and the software necessary to reconstruct the data on those tapes, so that there can be made a complete, bit-by-bit "mirror" evidentiary image copy of the storage media of each and every personal computer (and/or workstation) and network server in your control and custody, as well as image copies of all hard drives retained by you and no longer in service, but in use at any time from to the present.

Your client is also to preserve and not destroy all passwords, decryption procedures (including, if necessary, the software to decrypt the files); network access codes, 10 names, manuals, tutorials, written instructions, decompression or reconstruction software, and any and all other information and things necessary to access, view and (if necessary) reconstruct the electronic data we [are requesting/will request] through discovery.

1. Business Records: [All documents and information about documents containing backup and/or archive policy and/or procedure, document retention policy, names of backup and/or archive software, names and addresses of any offsite storage provider.] that may be relevant to the accident in question:

a)      All e-mail and information about e-mail (including message contents, header information and logs of email system usage) sent or received by the following persons: store managers, assistant store managers, shift managers, cleaning and maintenance personnel; claims representatives

b)      All databases (including all records and fields and structural information in such databases), containing any reference to and/or information about or related to: [the incident]

c)      All logs of activity (both in paper and electronic formats) on computer systems and networks that have or may have been used to process or store electronic data containing information about or related to: the incident;

d)      Preservation of Evidence

e)      All electronic data files, including prior drafts, "deleted" files and file fragments about or related to the incident in question.

Online Data Storage on Mainframes and Minicomputers

Chishala Chibuye 6

With regard to online storage and/or direct access storage devices attached to your client's mainframe computers and/or minicomputers: they are not to modify or delete any electronic data files, "deleted" files and file fragments existing at the time of this letter's delivery, which meet the definitions set forth in this letter, unless a true and correct copy of each such electronic data file has been made and steps have been taken to assure that such a copy will be preserved and accessible for purposes of this litigation.

Offline Data Storage, Backups and Archives, Floppy Diskettes, Tapes and Other Removable Electronic Media

With regard to all electronic media used for offline storage, including magnetic tapes and cartridges and other media that, at the time of this letter's delivery, contained any electronic data meeting the criteria listed in paragraph 1 above: Your client is to stop any activity that may result In the loss of such electronic data, including rotation, destruction, overwriting and/or erasure of such media in whole or in part. This request is intended to cover all removable electronic media used for data storage in connection with their computer systems, including magnetic tapes and cartridges, magneto-optical disks, floppy diskettes and all other media, whether used with personal computers, minicomputers or mainframes or other computers, and whether containing backup and/or archive data sets and other electronic data, for all of the Ir computer systems.

Replacement of Data Storage Devices

Your client is not to dispose of any electronic data storage devices and/or media that may be replaced due to failure and/or upgrade and/or other reasons that may contain electronic data meeting the criteria listed in paragraph 1 above.

Fixed Drives on Stand-Alone Personal Computers and Network Workstations

With regard to electronic data meeting the criteria listed in paragraph 1 above, which existed on fixed drives attached to stand-alone microcomputers and/or network workstations at the time of this letter's delivery: Your client is not to alter or erase such electronic data, and not to perform other procedures (such as data compression and disk de-fragmentation or optimization routines) that may impact such data, unless a true and correct copy has been made of such active files and of completely restored versions of such deleted electronic files and file fragments, copies have been made of all directory listings (including hidden files) for all directories and subdirectories containing such files, and arrangements have been made to preserve copies during the pendency of this (pending) litigation.

Preservation of Evidence

Personal Computers Used by Your Employees and/or their Secretaries and Assistants

The following steps should immediately be taken to safeguard all personal computers used by your client's employees and/or their secretaries and assistants.

a)     As to fixed drives attached to such computers: (i) a true and correct copy is to be made of all electronic data on such fixed drives relating to this matter, including all active files and completely restored versions of all deleted electronic files and file fragments; (ii) full directory listings (including hidden files) for all directories and subdirectories (including hidden directories) on such fixed drives should be written; and (iii) such copies and listings are to be preserved until this matter reaches its final resolution.

Chishala Chibuye 7

b)      All floppy diskettes, magnetic tapes and cartridges, and other media used in connection with such computers prior to the date of delivery of this letter containing any electronic data relating to this matter are to be collected and put into storage for the duration of this litigation.

c)      All notations of key strokes and available username and password identifiers in connection to all fiscal accounts for John and Shaunda Smith.

d)      All notations of key strokes and available username and password identifiers in connection to all e-mail accounts for John and Shaunda Smith.

e)      All communications to and from HR Representatives concerning John and Shaunda Smith.

f)      All electronic data used to take note of married couples and dating couples at Cox Communications and Auto Trader for the prior 5 years leading up to the incident in question, concurrent to the incident in question and after the sick leave taken by each of the Smiths.

g)      All complaints written by and/or concerning the incidents involving John and Shaunda Smith.

h)      Any and all complaints submitted by either John or Shaunda Smith of/about or concerning Auto Trader Cox Communications relating to EEOC claims, accidents and or/ workman's compensation hearings.

i)      The work lap top of John Smith. [Please do not alter or erase any pertinent data that would be construed as evidence in this matter including e-mails, communications, key strokes and work-related filings.]

j)      Any and all pertinent data saved in relation to his completion of assignments.

Evidence Created Subsequent to This Letter

With regard to electronic data created subsequent to the date of delivery of this letter, relevant evidence is not be destroyed and your client is to take whatever steps are appropriate to avoid destruction of evidence.

In order to assure that your and your client's obligation to preserve documents and things will be met, please forward a copy of this letter to all persons and entities with custodial responsibility for the items referred to in this letter.

Chishala Chibuye 8

## RULE 5.2 CERTIFICATE OF SERVICE

In compliance with Rule 5.2(2) of the Uniform Rules of the Superior Courts of the State of Georgia, the undersigned certifies that the below-listed items were delivered for service upon all defendants named in Plaintiff's Complaint, with the summons:

### VERIZON

**Jocelyn Ross**

**5055 Northpoint Parkway**

**Alpharetta GA 30022**

Respectfully Submitted This December 7, 2020

ss//Kamau K.  Mason
KAMAU K.  MASON, Bar # 82343

The Law Offices of Kamau K. Mason & Assoc.
30360 Woodrow Drive
Lithonia, GA 30038
678.464.4618 phone
678.526.5310 fax
kkmason@yahoo.com

11 Chishala Chibuye Complaint